IN THE UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA, §
§
     Plaintiff, §
§
v. §    Crim. Action No. 3:06-CR-00252-N(1)
§
EDMOND LEE WRIGHT, §
§
§
     Defendant. §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Edmond Lee Wright's *pro se* motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [224]. Because the Court determines that Wright has not shown extraordinary and compelling reasons warranting compassionate release, the Court denies Wright's motion. To the extent that Wright's *pro se* motion may be interpreted as a Fifth or Eighth Amendment claim, the Court denies his motion because Wright has not met his burden of establishing deliberate indifference from prison officials.

### I. BACKGROUND REGARDING WRIGHT'S ORIGINAL SENTENCE

Wright was charged and pled guilty of possession with intent to distribute 50 grams or more of cocaine and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)()iii and 18 U.S.C. § 2. While Wright was serving his term of imprisonment, he was charged and found guilty of 1) conspiracy to possess with the intent to distribute in excess of 50 grams of methamphetamine and 2) attempt to possess contraband (methamphetamine) in prison and aiding and abetting the same. The Court sentenced

Wright to 360 months on Count 1 and 240 months on Count 2 to run concurrently. According to the Federal Bureau of Prisons (the "BOP"), Wright is 48 years old, and his projected release date is March 2040.[1] Wright is currently confined in Leavenworth USP. Wright now requests a modification to his sentence because of his pre-existing medical conditions, hyperlipidemia and hypertension, which increases the risk for serious COVID illness. Wright also claims that a sentence modification is warranted to care for a vulnerable older family member. In addition to Wright's request for sentence modification, Wright argues that his Fifth and Eighth Amendment rights are being violated.

## II. LEGAL STANDARD FOR COMPASSIONATE RELEASE

A district court has limited authority to modify a final criminal judgment. *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, does not authorize the Court to modify a prisoner's place of incarceration. *See United States v. Depron*, No. CR 14-59, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020); *United States v. Rakestraw*, No. 3:17-CR-469-M (BT) 2020 WL 2119838, at *2 (N.D. Tex. Apr. 14, 2020), *rec. adopted*, 2020 WL 2114844 (N.D. Tex. May 1, 2020). Furthermore, neither the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Publ. L. No. 116-136, enacted on March 27, 2020, nor the Memoranda of the Attorney General to the BOP Director, dated March 26 and April 3, 2020, provide the Court with statutory authority to modify a prisoner's place of incarceration. *See United States v. Meeks*, No. 3:15-CR-468-K (BT), 2020 WL 3344111,

---

[1] The BOP's inmate locator website is available at https://www.bop.gov/inmateloc/ (last accessed November 10, 2020).

MEMORANDUM OPINION AND ORDER – PAGE 2

at *3 (N.D. Tex. May 18, 2020), *rec. adopted*, 2020 WL 3317917 (N.D. Tex. June 17, 2020). Only the BOP has the discretion to place prisoners on home confinement toward the end of their sentence under 18 U.S.C. § 3624(c)(2). *See United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995); *see also Depron*, 2020 WL 2308636, at *1 n.1.

However, under 18 U.S.C. § 3582, a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant. 18 U.S.C. § 3582(c)(1)(A). Before a court considers a motion to modify, a defendant must exhaust "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Section 3582(c)(1)(A)'s exhaustion requirement is a "glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). The requirement that a defendant file a request for reduction of sentence with the BOP before filing a motion in federal court is mandatory. *See U.S. v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).

The policy statement applicable to compassionate release "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020). Extraordinary and compelling reasons include the "medical condition of the defendant," the "age of the defendant," and the defendant's "family circumstances." U.S.S.G. § 1B1.13

MEMORANDUM OPINION AND ORDER – PAGE 3

& cmt. n.1.  The policy statement also includes a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the other listed reasons.  *Id.*

### III.  THE COURT DENIES WRIGHT'S MOTION FOR COMPASSIONATE RELEASE

Wright requested consideration for compassionate release from the BOP.  On August 11, 2020, the Warden denied his request.  Wright has not appealed the denial of that request.  Regardless, the exhaustion requirement is not jurisdictional but a mandatory claim processing rule.  *See United States v. Burrell*, 2020 WL 5544154 (N.D. Tex. Sep. 16, 2020) (citing *Franco*, 2020 WL 5249369, at *2).  Thus, the Court will consider the merits of Wright's motion.

Wright has not shown extraordinary and compelling reasons justifying compassionate release at this time.  First, the Court does not have authority to release an inmate to home confinement, so the Court denies Wright's request for home confinement.  Next, the Court denies Wright's request for compassionate release under section 3582(c)(1)(A) because Wright has not shown extraordinary and compelling reasons justifying release.  Although Wright claims that he suffers from high blood pressure and high cholesterol, Wright has not provided the Court with any documentation, medical records, or details of the severity of his health issues.  *See United States v. Mun*, 3:19-CR-0086-S, 2020 WL 3038082, at *2 (N.D. Tex. June 4, 2020).  The Court "must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic."  *United States v. Johnson*, No. 3:11-CR-066-B (1), 2020 WL 3129695, at *3 (N.D. Tex. June 12, 2020).  Without documentation, the

MEMORANDUM OPINION AND ORDER – PAGE 4

Court is unable to assess Wright's individual "ability to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The Court is aware of the COVID-19 pandemic and the risks the virus poses to inmates in detention facilities. However, Wright's general concerns about COVID-19, without more, are insufficient to invoke section 3582(c)(1)(A). *See Raia*, 954 F.3d at 597.

Wright contends that his mother, aged 73, lives by herself and that his family requires him to help care for their mother. However, Wright's family circumstances do not fall within the policy statement's definition of a family circumstance warranting compassionate release.[2] Furthermore, while some courts have granted compassionate release when defendant is the only available caregiver for an incapacitated parent, Wright has not demonstrated that his family circumstances warrant compassionate release. *See, e.g.*, *United States v. Bucci*, 409 F. Supp. 3d 1 (D. Mass. 2019) (granting compassionate release when defendant was the "only available caregiver" for an incapacitated parent"). First, Wright has not demonstrated that he is the only available caretaker for his mother. Second, Wright has provided no evidence that his mother's health conditions rise to the level of incapacity. Thus, while Wright may be able to assist his mother if released, the relevant policy statement does not suggest that compassionate release is warranted.

---

[2] "Family circumstances" in the relevant policy statement include: (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B.13(1)(A) & cmt. n.1(C)).

MEMORANDUM OPINION AND ORDER – PAGE 5

## IV. THE COURT DENIES WRIGHT'S FIFTH AND EIGHTH AMENDMENT CLAIMS

The Court now turns to Wright's Fifth and Eighth Amendment claims. "In some circumstances, a prisoner's liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty.'" *Keller v. Daniels*, No. 1:18-CV-0093-BL, 2019 WL 1560496, at *10 (N.D. Tex. Jan. 14, 2019) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)) (internal quotations omitted). A liberty interest may also arise from an expectation or interest created through laws or policies. *Id.* However, the Due Process Clause does not give rise to a liberty interest in avoiding particular conditions of confinement, absent extraordinary circumstances. *Id.* Instead, challenges to prison conditions generally arise under the Eight Amendment's Cruel and Unusual Punishments Clause.

In a recent opinion, the Fifth Circuit reiterated its Eighth Amendment jurisprudence in the context of COVID-19. *See Valentine v. Collieri*, 978 F.3d 154 (5th Cir. 2020). To prevail on a conditions of confinement claim, an inmate must prove that prison officials acted, or failed to act, with deliberate indifference to a substantial risk of serious harm. *See Domino v. TDCJ*, 239 F.3d 752, 756 (5th Cir. 2001) ("Deliberate indifference is an extremely high standard to meet."). A prisoner must satisfy both an objective element, that the alleged deprivation is "sufficiently serious," and a subjective element, that prison officials have a "sufficiently culpable state of mind," such as that of deliberate indifference to the detainee's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994). Here, Wright claims that showers, phones, and computers in common use are cleaned once a day, but not after each use. Wright also claims that most inmates and guards are provided with

MEMORANDUM OPINION AND ORDER – PAGE 6

masks but do not wear them. Finally, Wright claims that there are no alcohol-based hand sanitizers, although inmates are given diluted cleaning supplies once a week. These facts are nearly identical to those in *Valentine*. *Id.* (lack of social distancing, mask policy violations, surfaces not cleaned regularly, and lack of hand sanitizer). In *Valentine*, the Fifth Circuit held that the "Eighth Amendment does not enact the CDC guidelines" and that "failure to do so does not clearly evince a wanton disregard for any serious medical needs," particularly when officials take affirmative steps to contain the virus such as cleaning common areas, providing inmates and staff with masks, and giving inmates cleaning supplies. *Id.* Thus, the Court determines that Wright has not met his burden of establishing deliberate indifference.

CONCLUSION

Accordingly, the Court determines that Wright has not provided adequate documentation demonstrating extraordinary and compelling reasons for compassionate release, so the Court denies Wright's motion without prejudice. Because Wright has not met his burden of establishing deliberate indifference from the BOP, the Court denies his Fifth and Eighth Amendment claims.

Signed November 13, 2020.

David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7