IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | No. 3:06-cr-252-N (01) |
| § | |
| EDMOND LEE WRIGHT, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

In August 2007, the Court sentenced Defendant Edmond Lee Wright to a total term of 360 months of imprisonment after he was convicted of conspiracy to possess with the intent to distribute methamphetamine and attempting to possess contraband in prison and aiding and abetting. *See* Dkt. No. 151 (further explaining that, while the sentences for these convictions were to run concurrently, "[t]his term of imprisonment shall be served consecutively to the undischarged term of imprisonment in Case Nos. 4:97-CR-125-A (01) and 1:01-CR-009 (01)").

On November 13, 2020, the Court denied Wright's *pro se* motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which also asserted that prison officials had acted with deliberate indifference toward him. *See* Dkt. Nos. 224, 225.

Wright again moves for compassionate release or a sentence reduction under Section 3582, explaining that the first motion was prepared with a paralegal service that "refused to make the proper corrections and refile the motion." Dkt. No. 226. The Court denies his motion for the following reasons.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But, under § 3582(c)(1)(A), as amended

by the First Step Act, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1.

"There is little developed guidance on what constitutes extraordinary and compelling reasons for a sentence reduction because neither § 3582 nor the Guidelines fully define or limit those reasons." *United States v. Rodriguez*, 27 F.4th 1097, 1099-1100 (5th Cir. 2022) (citing *United States v. Shkambi*, 993 F.3d 388, 391-92 (5th Cir. 2021)). Indeed, "because [U.S.S.G] § 1B1.13 is not an 'applicable policy statement' to compassionate release motions filed by prisoners, 'neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.'" *United States v. Cooper*, 996 F.3d 283, 288 (5th Cir. 2021) (quoting *Shkambi*, 993 F.3d at 392-93). *Cf. Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) ("[M]otions for compassionate release are inherently discretionary.").

Wright's first ground for compassionate release is that his lengthy, stacked sentences constitute an extraordinary and compelling reason for relief.

Some courts have held that non-retroactive changes in sentencing law— specifically changes the First Step Act made to how sentences for convictions under 18 U.S.C. § 924(c) are served—may constitute an extraordinary and compelling reason. *See, e.g., United States v. Rainwater*, No. 3:94-CR-042-D(1), 2021 WL

1610153, at *1-*2 (N.D. Tex. Apr. 26, 2021); *see also United States v. Reed*, No. 3:13-cr-481-B-5, 2022 WL 198405, at *3 (N.D. Tex. Jan. 21, 2022) (observing that "the Fifth Circuit has not decided whether nonretroactive changes to sentencing laws may constitute extraordinary and compelling reasons for compassionate release and that courts in this circuit have reached conflicting answers" (citations omitted)); *United States v. Chen*, ___ F.4th ___, No. 20-50333, 2022 WL 4231313 (9th Cir. Sept. 14, 2022) (discussing the current circuit split on this issue).

But, insofar as Wright is serving stacked sentences, it is because the crimes of which he was convicted and sentenced in this case occurred after he was serving time based on separate, earlier convictions. As such, this ground is neither extraordinary nor compelling.

Wright next contends that the First Step Act impacts the sentence for his conviction for conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), which he asserts was enhanced based on his two prior federal convictions, after the government filed a notice under 21 U.S.C. § 851. *See* Dkt. Nos. 90 (notice), 199 (sentencing tr.), 218 (presentence report).

He appears to argue, in sum then, that certain additional changes to sentencing laws, although not retroactive, nevertheless qualify as an extraordinary and compelling reason under § 3582.

"Of relevance here, Section 401 of the First Step Act of 2018 modified 21 U.S.C. § 851 in two ways. Titled 'Reduce and Restrict Enhanced Sentence for Prior Drug

Felonies,' it reduced the mandatory minimum penalties and narrowed the scope of its application." *United States v. Fleming*, Cr. No. ELH-08-086, 2022 WL 743955, at *12 (D. Md. Mar. 11, 2022); *see also United States v. Brown*, No. 4:14-CR-28 (1), 2022 WL 3268742, at *6 (E.D. Tex. Aug. 9, 2022) ("Prior to the First Step Act, enhanced mandatory minimum sentences were triggered upon the showing of a prior conviction for a 'felony drug offense.' Now, the defendant's prior conviction must meet the new definition of 'serious drug felony' or 'serious violent felony.'" (citation and footnote omitted)); *Reed*, 2022 WL 198405, at *3 n.3 (noting that the change to "serious drug felony" "is material. A 'serious drug felony' is 'an offense described in [18 U.S.C. § 924(e)(2)] for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.' 21 U.S.C. § 802(57). A 'felony drug offense' is 'an offense ... punishable by imprisonment for more than one year under any law of the United States or of a State ... that prohibits or restricts conduct relating to narcotic drugs[.]' *Id.* § 802(44).").

As to the mandatory minimum penalties, Wright was sentenced to 360 months on this conviction after it was found that the career offender enhancement applied. So the First Step Act's change to the penalties provision of § 851 would not seem to apply here.

Similarly, both of Wright's prior federal convictions—his conviction for possession with intent to distribute 50 grams or more of cocaine base and aiding and abetting in the Fort Worth Division of this district, in which judgment sentencing

him to 180 months of imprisonment was entered in March 1998, and his conviction for conspiracy with intent to distribute less than 50 kilograms of marijuana in the Eastern District of Texas, in which judgment sentencing him to 37 months of imprisonment was entered in January 2002—both still apply considering that each qualifies as a "serious drug felony."

As such, this ground is also neither extraordinary nor compelling.

Wright next re-urges that his medical conditions and his family circumstances qualify. The Court previously denied relief based on these grounds. *See* Dkt. No. 225 at 4-5. And Wright presents no new evidence or arguments to cause the Court to reconsider its ruling.

Wright finally cites to his efforts at rehabilitation. But, as he recognizes, "rehabilitation efforts alone"—although admirable—are not enough. Dkt. No. 226 at 7; *see also United States v. Jackson*, 27 F.4th 1088, 1090 (5th Cir. 2022) ("Notably, Section 3582 does not define 'extraordinary and compelling reasons.' Congress left that task to the Sentencing Commission, though Congress did insist that '[r]ehabilitation of the [prisoner] alone' cannot justify a reduced sentence." (quoting 28 U.S.C. § 994(t); citing *Shkambi*, 993 F.3d at 390-91)).

In sum, Wright has not advanced an extraordinary or compelling reason to support compassionate release.

But, even had he proffered a reason for a reduction that the Court—no longer bound by § 1B1.3—found to be either extraordinary or compelling, he still must convince the Court "to exercise discretion to grant the motion for compassionate

release after considering the Section 3553(a) factors." *Ward*, 11 F.4th at 361 (cleaned up; quoting *Shkambi*, 993 F.3d at 392); *cf. United States v. Simon*, No. 21-30057, 2021 WL 4782790, at *1 (5th Cir. Oct. 13, 2021) (per curiam) ("The district court's conclusion that the § 3553(a) factors do not merit relief is both dispositive of the matter and unaffected by our ruling in *Shkambi*." (citing *United States v. Shorter*, 850 F. App'x 327, 328 (5th Cir. 2021) (per curiam))); *United States v. Schad*, No. 21-40393, 2021 WL 5119772, at *1 (5th Cir. Nov. 3, 2021) (per curiam) ("Because the district court denied Schad's motion without specifically considering the § 3553(a) factors, it abused its discretion." (citing *Shkambi*, 993 F.3d at 393; *Chambliss*, 948 F.3d at 693)).

He has not. Here, the § 3553(a) factors do not merit a sentencing reduction considering the Court's sentence at the bottom of the Guidelines and Wright's continued drug trafficking after being twice convicted in federal court that led up to that sentence.

It is therefore **ORDERED** that Defendant Edmond Lee Wright's motion for compassionate release or a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 226] is **DENIED**.

Signed October 31, 2022.

_____
David C. Godbey
Chief Judge